[No. 5265.]
[No. 2894 C. A.]

## GOODSTEIN V. THE FRANTZ MCRAY IRON WORKS COMPANY.

**Practice in Civil Actions—Attachment—Grounds—Proof.**

In an action for breach of contract, a writ of attachment was issued on alleged grounds that defendant was about to fraud-

ulently convey its property to hinder and delay its creditors, and that defendant fraudulently incurred the liability. Held, that a finding that plaintiff and defendant entered into a contract which was different from that relied on by plaintiff to sustain the attachment, and that, while plaintiff was entitled to recover for defendant's breach of the contract made, such breach was not such fraudulent conduct as would sustain the attachment, is not erroneous as a matter of law.—P. 266.

*Error to the District Court of the City and County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action by A. Goodstein against The Frantz Mc-Ray Iron Works Company. From a judgment for plaintiff on the merits, but refusing to sustain an attachment, plaintiff brings error.   *Affirmed.*

Mr. C. H. Pierce and Mr. W. C. Bowen, for plaintiff in error.

Mr. Charles J. Hughes, Jr., for defendant in error.

Mr. Justice Maxwell delivered the opinion of the court:

Plaintiff in error sued out an attachment against the defendant in error upon an affidavit, which as subsequently amended set forth that defendant was about to fraudulently convey, transfer or assign its property or effects so as to hinder and delay its creditors, or some one or more of them; that defendant was about to fraudulently conceal, remove and dispose of its property or effects so as to hinder and delay its creditors, and that the defendant fraudulently incurred the liability respecting which this suit is brought, by fraudulent conduct, false representations and false pretenses.

The attachment affidavit was traversed.

The issue thus formed and the issues presented by the pleadings, were tried together by the court without a jury.

The issues in the main case were found in favor of the plaintiff, and judgment rendered thereon in the sum of $728.09.

As to the attachment, the court said, in part:

"With respect to the attachment, in the opinion of the court the grounds of attachment are not sustained. Counsel for the plaintiff has well said that the burden to establish this rested upon him. The first ground set up was that of fraudulent representations. I don't think the evidence sustains that proposition; I think it simply sustains the violation of the contract, nothing more. These parties entered into a contract, and it appears by the testimony of the plaintiff, his own testimony, leaving the testimony in behalf of the defendant out of the question, to be a case of a contract entered into by which the respective parties were to do certain things, and that the defendant did not in all respects what he had agreed to do; and the violation of the terms does not make the contract fraudulent, nor does it amount to a fraudulent representation, either at criminal law or upon the civil side of the court."

Judgment was rendered dissolving the attachment, to reverse which this writ of error is prosecuted.

The sole question presented by counsel for plaintiff in error is thus stated in his brief:

"The sole question which we desire to present is: Should the attachment, under the evidence which moved the court to enter a judgment in favor of the plaintiff and against the defendant for the sum of $728, have been sustained? We are mindful of the rule that where the evidence is conflicting, or where

there is some evidence to support the findings of the trial court, that finding will not be disturbed, and that as a general rule this court will not examine into findings of fact; this being done only in exceptional cases. All of the evidence of the plaintiff which established his right to the judgment for $728 was flatly denied and contradicted by the evidence of the defendant upon the trial. It must be true that the court in making its findings believed the evidence of the plaintiff and discredited the evidence of the defendant where the evidence was conflicting. We contend, therefore, that if the evidence offered by the plaintiff upon the trial is sufficient to sustain the grounds of attachment, as alleged, or any of them, the attachment must be sustained, hence the matter is left as a pure question of law. A perusal of the judgment of the court, * * * will disclose the fact that the trial court upon the evidence of the plaintiff, and considering that evidence to be true, entered the judgment dissolving the attachment, hence the case is entirely shorn of questions of fact.''

Otherwise expressed, counsel contends that the court having found that there was a contract between the parties and having decided the facts in favor of plaintiff, drew therefrom erroneous conclusions of law.

The court having found that there was a contract between the parties, it does not necessarily follow therefrom, that the defendant had been guilty of the acts or any of them charged in the attachment affidavit, nor does the fact that the court rendered a judgment in favor of the plaintiff for $728.09 warrant the assumption that the court decided all the facts in favor of the plaintiff, especially in view of the fact that the court announced that ''with respect to the attachment, in the opinion of the court, the grounds of attachment are not sustained.''

The contention of counsel is that defendant, by fraudulent conduct, representations and pretenses, secured the money and property of plaintiff and that the court so found the facts as shown by the excerpt from the court's opinion above quoted, but that the court, through a misapprehension of the law, arrived at an erroneous conclusion in dissolving the attachment.

An examination of the pleadings, the evidence adduced at the trial and an analysis of the opinion of the court, leads us to the conclusion that counsel misconstrues the opinion of the court.

The complaint was in two counts. The first, for the sum of $500.00, cash advanced by plaintiff to defendant. The second, for the sum of $1,041.98, for the value of certain scrap and pig iron delivered to defendant by plaintiff, to be made into castings by the defendant; the castings to be delivered to plaintiff in payment of cash advanced and the material delivered defendant.

Judgment was prayed for $1,541.98.

The answer was a general denial and a cross-complaint, which, upon the trial, was stricken out.

The undisputed evidence shows that plaintiff and defendant had business relations with each other from April, 1900, to January, 1902, when this suit was commenced, during all of which time defendant was indebted to plaintiff in varying amounts.

Plaintiff testified that in September or October, 1901, an agreement was made between plaintiff and defendant whereby plaintiff was to advance the defendant money wherewith to conduct its business, and furnish it with certain material to be by defendant manufactured into castings, which castings were to be plaintiff's property and delivered to him upon demand, and that all of the castings to which he was entitled were not so delivered.

Defendants' president and secretary and treas-
urer testified to an entirely different contract.

Much documentary evidence was introduced showing the condition of the accounts from time to time.

There was no direct evidence touching the attachment, but the evidence unquestionably shows that there was a contract between the parties, and the court so found.

A determination of the terms of the contract rested with the court upon conflicting evidence, likewise a determination of the circumstances surrounding the parties at the time the contract was entered into, together with their intention, if any was manifest.

Under such condition of the evidence the court found as above quoted.

To paraphrase the opinion of the court: ''Taking the testimony of plaintiff alone, these parties entered into a contract, but such contract was not the contract relied upon by plaintiff to sustain the attachment, for, while the defendant did not comply with all the terms of the contract testified to by plaintiff, such failure upon its part was not such fraudulent conduct as would sustain the grounds of attachment in this case.''

In other words, the court expressly found that the contract relied upon by plaintiff to sustain his attachment and testified to by him, did not bring the case within the grounds of the attachment alleged.

A careful examination of the record leads to the conclusion that counsel's interpretation of the opinion of the court is untenable.

This being true, his whole argument falls.

The judgment will be affirmed.     *Affirmed.*

Chief Justice Steele and Mr. Justice Caswell concurring.